UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                          No. CIV 04-729 BB/LCS

**ROSWELL RADIO, INC.,**

        **Defendant.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant's Motion for Protective Order (Doc. 23) filed January 10, 2005. The Motion is fully briefed (Docs. 24, 28) and no oral argument is necessary. The Court, having reviewed the Motion, Memoranda, exhibits, and relevant authorities, finds that the Motion should be **GRANTED IN PART**.

    **I.    BACKGROUND**

Plaintiff's lawsuit arises out of allegations by certain former employees of Defendant who claim they were subjected to unlawful employment practices on the bases of sex, pregnancy, and retaliation. (Doc. 1.) Two of the former employees have sued Defendant in their individual capacities in the Fifth Judicial District Court of the State of New Mexico, a case which is ongoing. (*See* Doc. 24 at 7.) The Equal Employment Opportunity Commission (EEOC) brought this federal suit, seeking a permanent injunction enjoining Defendant and others from engaging in harassment, discrimination, or retaliation; an order for Defendant to institute programs and policies that provide equal employment opportunities for women; backpay, punitive damages, and other compensation for the affected employees; and other relief as the Court finds necessary and

proper.  (Doc. 1.)  Plaintiff submitted its first request for production of documents and first set of interrogatories in December, 2004.  (*See* Doc. 19.)  In April, 2005, it appeared that the parties were attempting to reach a settlement agreement; accordingly, District Judge Bruce D. Black stayed discovery and motions, including this Motion for Protective Order, pending negotiations.  (Doc. 47.)  The parties were ultimately unable to reach mutually acceptable settlement terms, so it is once again necessary to take up the matters in the instant Motion.  (Doc. 50.)

## II.     STANDARD FOR GRANTING A MOTION FOR PROTECTIVE ORDER

Any matter relevant to any party's claim or defense may be subject to discovery.  *See* FED. R. CIV. P. 26(b)(1); *Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 199 (D.N.M. 2005).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1) (quoted in *Velasquez*, 229 F.R.D. at 199-200).  The Federal Rules of Civil Procedure (FRCP) allow a person or party from whom discovery is being sought to file a motion for protective order.  FED. R. CIV. P. 26(c).  "The Court may grant a protective order when it is necessary to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  *Velasquez*, 229 F.R.D. at 200 (quoting FED. R. CIV. P. 26(c)).

"The party seeking a protective order has the burden to show good cause for it."  *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citation omitted); *see also Velasquez*, 229 F.R.D. at 200 (citation omitted).  To demonstrate good cause, the party must make "'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"  *Aikens*, 217 F.R.D. at 534 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (internal quotation marks and citation omitted in original)); *see also*

*Velasquez*, 229 F.R.D. at 200.  It is within the court's discretion whether to issue a protective order.  *Aikens*, 217 F.R.D. at 534.

### III.   ANALYSIS

RRI contends that the information sought by the EEOC is irrelevant and immaterial, confidential, calculated to harass and oppress or cause undue burden, and not reasonably calculated to lead to the discovery of admissible evidence, and that therefore the Court should issue a protective order.  (Doc. 24 at 2-3.)  But RRI has not met its burden under FRCP 26(c).  The EEOC "need only show that the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Velasquez*, 229 F.R.D. at 200.  Once the EEOC meets its burden, RRI must show good cause for entering a protective order.  *Id.*  The EEOC has met its minimal showing; RRI, for the most part, has not met its burden.  *Id.*

### A.    The Court Will Not Enter a Protective Order on the Basis that the Requests are Irrelevant or Immaterial.

Defendant argues that it is entitled to a protective order because Plaintiff's inquiries regarding financial data and employee lists are irrelevant or immaterial.  (Doc. 24 at 3-6.)  I disagree.  As Plaintiff points out, RRI's gross revenues are relevant because at least two of the former employees received or were eligible to receive commissions based on the gross revenues.  (Doc. 28 at 4.)  Consequently, Plaintiff's requests did not relate to the issue of punitive damages as Defendant assumed.  (Doc. 24 at 4, Doc. 28 at 4.)  Additionally, the employee list Plaintiff seeks is relevant as a source of information concerning potential witnesses.  (Doc. 28 at 6.)

Regardless of whether the information sought is irrelevant or immaterial, a party is entitled to a protective order only if it can establish a basis that is within one of the Rule's enumerated

3

categories. *Aikens*, 217 F.R.D. at 534. "In other words, the protective order must be necessary to protect the party from 'annoyance, embarrassment, oppression[,] or undue burden or expense.'" *Id.* (quoting FED. R. CIV. P. 26(c)). Conclusory statements that requested discovery is irrelevant or immaterial do not suffice to establish good cause for a protective order. *See Velasquez*, 229 F.R.D. at 200. Therefore, I decline to enter a protective order on either basis.

### B. The Court Will Not Enter a Protective Order on the Basis that the Information Sought is Confidential.

Defendant also objects to releasing its financial data and employee lists because the information is private and confidential. (Doc. 24 at 4-6.) But an objection based on confidentiality, like one based on relevancy, fails to meet the Rule's threshold requirement of demonstrating good cause. *Velasquez*, 229 F.R.D. at 200. Relevancy and confidentiality are standard discovery objections; "the Court may only rule on the validity of such [objections] in the context of a motion to compel." *Aikens*, 217 F.R.D. at 535; *Velasquez*, 229 F.R.D. at 200. Confidentiality "is not a basis upon which the Court may enter a Rule 26(c) protective order." *Aikens*, 217 F.R.D. at 535. Consequently, I decline to enter a protective order to the extent it is based on arguments that the information sought is private or confidential.

### C. The Court Will Not Enter a Protective Order on the Basis that the Requests Are Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

Defendant presents vague allegations that Plaintiff's requests for information are not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 24 at 3, 9.) While Defendant fails to address this argument in the substantive portion of its Memorandum, it would

nevertheless fail to be a proper argument in the context of a protective order. *Aikens*, 217 F.R.D. at 534-35. As with RRI's arguments regarding relevancy and confidentiality, an objection based on whether a request is reasonably calculated to lead to the discovery of admissible evidence is a discovery objection properly raised in a motion to compel, not in a motion for a protective order. *Id.* Thus, I will not enter a protective order on this basis.

    **D.**    **The Court Will Grant in Part RRI's Motion for Protective Order Based on Undue Burden.**

    **1.**    **Undue Burden as a Basis for Issuing a Protective Order**

"Rule 26(c) expressly provides that a protective order may be entered to protect a party from 'undue burden or expense.'" *Aikens*, 217 F.R.D. at 535 (quoting FED. R. CIV. P. 26(c)). Unlike Defendant's prior arguments, "this is a valid basis upon which Defendant may request a protective order." *Id.* It is therefore necessary to determine whether RRI has met its burden of demonstrating that gathering the requested documents would be unduly burdensome. *Id.*

    **2.**    **The Discovery at Issue**

RRI summarily objects to Plaintiff's inquiries on the basis of undue burden. (Doc. 24 at 3, 9.) Plaintiff's Interrogatory number 3 requests: "State the total gross revenues earned by Roswell Radio in each year for the years 2003 and 2004." (Doc. 24, Ex. C at 5.) Plaintiff's Request for Production number 2 asks for "[a]ll documents, including but not limited to, financial statements, income tax returns, or other documents which discuss or describe the revenues earned by Roswell Radio for each year in 2001, 2002, 2003 and 2004." (Doc. 24, Ex. D at 4.) Plaintiff's Request for Production number 18 asks for "[a]ll documents or lists that contain the name, social security number, date of birth, address, date of hire, date of termination and job title of each employee

5

employed by Roswell Radio from January 2001 to present." (Doc. 24, Ex. D at 9.)

### 3. Standard for Establishing "Undue Burden"

A party seeking a protective order must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Aikens*, 217 F.R.D. at 534 (internal quotation marks and citation omitted). Typically, the party asking for such an order "must submit affidavits or other detailed explanation as to the nature and extent of the claimed burden or expense." *Aikens*, 217 F.R.D. at 537 (citing *White v. Wirtz*, 402 F.2d 145, 148 (10th Cir. 1968); *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 257 (D. Kan. 1996)).

### 4. RRI Has Not Demonstrated Undue Burden

Rather than demonstrating specific facts to support its position that gathering the requested data would impose an undue burden, RRI relies on conclusory statements; they are not enough. *See Velasquez*, 229 F.R.D. at 200. Defendant has submitted no affidavits or other evidentiary documentation to give the Court any idea of the scope of Plaintiff's requests. All Defendant asserts is that Plaintiff asks for a large amount of records and that production will have to be updated at or prior to trial. (Doc. 24 at 5.) Without some supplemental support establishing the number of documents requested, the estimated cost of reproducing them, or the hours involved in gathering and reviewing them, this Court "cannot discern what, if any, specific injury [RRI] will suffer by answering [the EEOC's] requests." *Velasquez*, 229 F.R.D. at 200. The Court cannot agree that RRI's mere conclusory assertions satisfy its burden "to make a particular and specific demonstration of fact in support of its request for protective order." *Aikens*, 217 F.R.D. at 537 (internal quotation marks and citation omitted).

### 5. The Requests May Be Unduly Burdensome on Their Face

6

"Defendant's failure to meet its evidentiary burden is not necessarily fatal to its claim that the requests are unduly burdensome." *Id.* at 537-38. I agree with the approach taken in *Aikens*, which followed a court-fashioned "exception to the rule requiring evidentiary support, which applies when the discovery request is unduly burdensome on its face." *Id.* at 538 (citations omitted). In *Aikens*, the court noted that on numerous occasions it has held "that a request or interrogatory is unduly burdensome on its face if it uses the omnibus term 'relating to' or 'regarding' with respect to a general category or group of documents." *Id.* (citations omitted). The court reasoned that such broad language makes it difficult to decide what documents might possibly fall within the scope of the request. *Id.*

In the present case, Plaintiff's request number two asks for "*[a]ll documents*, *including but not limited to*, financial statements, income tax returns, or other documents *which discuss or describe* the revenues earned by" RRI for the years 2001 through 2004 inclusive. (Doc. 24, Ex. D at 4 (emphasis added).) Request number eighteen asks for "*[a]ll documents or lists* that contain" an expansive amount of employee information. (*Id.* at 9 (emphasis added).) Such all-inclusive requests seem to this Court to be "so broad and open-ended that Defendant could not [possibly] fully determine--without undue burden--which documents would be responsive." *Aikens*, 217 F.R.D. at 538. The terms "all documents or lists," "including but not limited to," and "which discuss or describe," give little guidance as to the outer boundaries of Plaintiff's requests, nor do they even limit the categories of documents Defendant would have to sort through to find every piece of information the EEOC is seeking. *See id.*

The *Aikens* court goes on to explain that although a request might be unduly burdensome on its face, the Defendant must still "respond to the extent the request is not objectionable." *Id.*

7

at 538-39 (citations omitted).  So that I may enter the appropriate order, I have examined the record and determined the portions of the Plaintiff's requests which are reasonably answerable. *Id.* at 539.

Here, both an earlier Discovery and Confidentiality Order and the EEOC's responsive brief give enough guidance that I may enter an appropriate order.  (Doc. 43 at 1-2, Doc. 28.) Plaintiff explains that it needs the requested financial data to calculate lost wages for employees who received commission based on RRI's gross revenue.  (Doc. 28 at 4.)  In the Discovery and Confidentiality Order entered on March 29, 2005 during settlement negotiations, this Court noted that the parties "have agreed to conduct certain limited financial discovery during the pendency of the offer . . . ."  (Doc. 43 at 1.)  Included in the discovery was RRI's "profit and loss statements and balance statements for 2002 through 2004 . . . and other relevant financial records subpoenaed."  (*Id.*)  Plaintiff also asserts that it needs the identifying information for RRI's employees to find potential witnesses.  (Doc. 28 at 6.)  I agree that the EEOC's requests for financial and employee information are not unduly burdensome to the extent that the documents will be used to calculate lost wages and research potential witnesses, and I will grant in part and deny in part the motion for protective order based on RRI's unduly burdensome arguments.  *See Aikens*, 217 F.R.D. at 540.

### 6.     Scope of the Protective Order

The Court first notes that the scope of discovery in an EEOC suit is extensive.  *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975).  Accordingly, the Court will enter a protective order limiting the EEOC requests as follows:

- Plaintiff's Requests and Interrogatories seeking information already approved of in the

March 29, 2005 Discovery and Confidentiality Order are not unduly burdensome. (Doc. 43.)

- Plaintiff's Interrogatory number three is not unduly burdensome.
- Plaintiff's Request for Production number two that asks RRI to produce "[a]ll documents, including but not limited to, financial statements, income tax returns, or other documents which discuss or describe the revenues earned by Roswell Radio for each year in 2001, 2002, 2003 and 2004" is not unduly burdensome to the extent that it is not duplicative of information provided pursuant to the Discovery and Confidentiality Order (Doc. 43), and to the extent that it is limited to profit and loss statements, balance sheets, income tax returns, or other relevant financial records, which reveal or show the gross revenues of RRI for purposes of calculating commissions earnings and lost compensation.
- Plaintiff's Request for Production number eighteen, asking for "[a]ll documents or lists that contain the name, social security number, date of birth, address, date of hire, date of termination and job title of each employee employed by Roswell Radio from January 2001 to present" is not unduly burdensome to the extent that it asks Defendant to produce such information in a nonduplicative manner. In other words, once the Defendant has produced the data requested (that is, the name, social security number, date of birth, etc., of their employees), Defendant is relieved from further compliance with this request for production.
- Subject to a confidentiality order (see below), Plaintiff's Requests for Production five and six are not unduly burdensome, as Defendant noted in its Memorandum. (Doc. 24 at 6.)
- Defendant shall respond to the aforesaid interrogatories and requests no later than

9

**September 30, 2005**. Counsel are to meet and confer and provide this Court with an agreed upon confidentiality order that limits the use of information revealed to purposes of this federal lawsuit, that forbids the parties from showing the documents produced by Defendants to the Claimants or to the plaintiffs or attorneys in the state action, allowing only counsel and counsel's employees, including experts, to view the documents, and any other confidentiality provision the parties may wish to include. If the parties are unable to agree on the form of such order, each party is to submit to me, no later than **September 30, 2005**, that party's suggested form of order, and the Court will enter its own confidentiality order.

### IV.     CONCLUSION

The Court declines to grant the Motion for Protective Order on the grounds that the inquiries are irrelevant, immaterial, ask for confidential information, or not reasonably calculated to lead to the discovery of admissible evidence. Under FRCP 26(c), none of the forementioned bases are appropriate reasons to issue a protective order. *See Aikens*, 217 F.R.D. at 541. FRCP 26(c) does allow the Court to issue a protective order because the inquiries are unduly burdensome; and while RRI failed to meet its burden of establishing undue burden, the Court does find that two of Plaintiff's requests are unduly burdensome on their face. *Id.* Accordingly, the Court holds that a protective order should issue to limit Plaintiff's requests as described herein, Defendant is to answer the inquiries, and the parties are to work together to provide the Court with an agreed confidentiality order.

Further, because the state litigation will clearly not dispose of the claims in this federal lawsuit, and because the confidentiality order should alleviate Defendant's concerns about any

10

misuse of this Court, I decline to address Defendant's argument based on the *Colorado River* abstention doctrine.[1]  *See Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order is denied in part and granted in part as set forth herein.

**IT IS FURTHER ORDERED** that Defendant shall, by **September 30, 2005**, respond to the aforesaid interrogatories and requests as limited herein, and Counsel for the parties shall submit to this Court a joint confidentiality order by said date as described above.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STAT ES MAGISTRATE JUDGE**

---

[1] Moreover, the scope of discovery is different in New Mexico state courts.  *See* Rule 1-026 N.M.R.A. (2005).